IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMBARLA BALES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-1040-F |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits (DIB). Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions, and so the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be **REVERSED AND REMANDED** for further administrative proceedings.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on January 26, 2009, alleging

that she has been disabled since May 7, 2008, as a result of back injury, panic attacks, and asthma. Tr. 111, 135, 139. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 46-52, 58-60. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge (ALJ) on April 27, 2010. Tr. 25-45, 61. Plaintiff appeared in person with her attorney and offered testimony in support of her application. Tr. 27, 29-42. A vocational expert (VE) testified at the request of the ALJ. Tr. 42-44, 99. The ALJ issued his decision on July 29, 2010, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was not entitled to benefits. Tr. 14-16, 17-23. On July 28, 2011, the Appeals Council denied Plaintiff's request for review, and so that decision became the final decision of the Commissioner. Tr. 1-5.

## THE ADMINISTRATIVE DECISION

In determining that Plaintiff was not disabled, the ALJ followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 17-19. He first determined that Plaintiff had not engaged in substantial gainful activity since May 7, 2008. Tr. 19. At steps two and three, the ALJ determined that Plaintiff suffered from "chronic back and leg pain secondary degenerative disc disease of her lumbar spinal region requiring May 2008 and February 2009 fusion procedures and April 2010 removal of hardware procedure." Tr. 19. Although the ALJ found these impairments to be severe, he found that they were not severe enough to meet or equal the criteria of any listed impairment or combination of impairments. Tr. 15-19. The ALJ determined that Plaintiff also had a

"history of COPD with some asthma," and "isolated complaints of depression and/or anxiety," but that these impairments were not severe. Tr. 21. The ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform less than a full range of sedentary work, specifically that she could perform sedentary work with the exception of no more than occasional stooping, kneeling, and crouching. Tr. 20. Based on this RFC and the testimony of the vocational expert, the ALJ determined at step four that Plaintiff could not perform her past relevant work (PRW) as a deli supervisor, deli cashier, and assistant manager of a convenience store. Tr. 22. However, using the Medical-Vocational guidelines as a framework for decision making and the testimony of the vocational expert, the ALJ found at step five of the sequential evaluation process that a person with Plaintiff's vocational factors and RFC could perform other work that exists in significant numbers in the national economy, such as credit checker, receptionist, and general office clerk. Tr. 23. Accordingly, the ALJ found Plaintiff not disabled and not entitled to DIB. Tr. 23.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. See *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on

substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five step sequential evaluation process. 20 C.F.R. § 404.1520. The claimant bears the burden to establish a prima facie case of disability at steps one through four. *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient RFC to perform work in the national economy given the claimant's age, education, and work experience. *Williams*, 844 F.2d at 751.

## ISSUES PRESENTED

Plaintiff raises eight claims of error.[1] First, she claims that the ALJ's decision is not supported by substantial evidence. Plaintiff's Brief in Chief, 4-5. Within this claim of error, Plaintiff refers to the ALJ's duty to develop the record; however, she fails to specifically identify how the ALJ failed to comply with this duty. *Id.* at 5. Second, Plaintiff claims that the ALJ erred because he failed to include any discussion supporting his one-sentence finding that none of her impairments met a listing. *Id.* at 5-9 (citing 20 C.F.R. Part 404, Subpart P, App. 1). Third, she contends that the RFC finding was flawed because it was unclear, and because the ALJ failed to identify the weight given to the opinions of Plaintiff's treating physicians. Plaintiff's Brief in Chief, 9-14. She claims that the ALJ instead gave "great weight" to the opinions of the non-examining medical consultants. Fourth, Plaintiff claims that the ALJ's credibility analysis was flawed because it consisted of boilerplate language with no discussion of the specific reasons for finding her subjective complaints less than credible. *Id.* at 14-17. Fifth, Plaintiff claims that the ALJ engaged in a "pick and choose" approach in evaluating evidence—ignoring the parts that were not favorable to his determination. *Id.* at 17-20. Plaintiff also contends that the reports of the non-examining medical

---

[1] Plaintiff's Brief in Chief is longer than 15 pages and should have been accompanied by an indexed table of contents showing headings or sub-headings and an indexed table of statutes, rules, ordinances, cases, and other authorities cited. L.Civ.R. 7.1(e). These Rules are not only mandatory, but also failure to abide by them shows a lack of courtesy to the Court before whom counsel brings his cause. Counsel is hereby cautioned that future briefs bearing such deficiencies will be stricken.

consultants, upon which the ALJ relied, were "stale." *Id.* at 19-20. Sixth,[2] Plaintiff contends that the ALJ got important facts wrong, such as his conclusion that she had no ongoing treatment or evaluation for respiratory impairments that required the use of rescue inhalers or preventative medications. Plaintiff's Brief in Chief, 20 (citing Tr. 21). She also claims that the ALJ failed to discuss evidence that she suffered from insomnia and GERD. *Id.* at 21. Seventh, Plaintiff claims error due to the ALJ's failure to explain the weight given to the opinions of her treating physicians. *Id.* at 24-26. Eighth, and finally, Plaintiff complains that an ALJ other than the one who conducted the hearing signed the decision without explanation. Plaintiff's Brief in Chief, 26-28. She claims that this is in violation of HALLEX 1-2-8-40. Plaintiff's Brief in Chief, 27. The undersigned finds that the ALJ's failure to explain the weight given to Plaintiff's treating physicians to be dispositive of this appeal.

## DISCUSSION

### I. The ALJ's Failure to Apply the Treating Physician Rule

The ALJ stated that he had "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96.6p and 06.3p." Tr. 20. However, the decision does not reflect such consideration. Most troubling is the ALJ's complete failure to indicate the weight given to the opinions of Plaintiff's treating physicians.

The Social Security Administration's regulations provide ALJs with specific

---

[2]Plaintiff numbers both the fifth and sixth claims of error as "5." *See* Plaintiff's Brief in Chief, 17, 20.

guidance concerning how medical opinions must be weighed and how a decision should show that the ALJ undertook the requisite analysis when assigning weight to medical opinions. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

An ALJ must give a treating physician's opinion controlling weight if it is both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." *Id.* Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527.... *Id.* Those factors are: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [ALJ's] attention which tend to support or contradict the opinion." *Watkins*, 350 F.3d at 1301 (quotation omitted).

After considering the requisite factors, the ALJ must "give good reasons" for the weight ultimately assigned to the opinion. *Id.* at 1301; 20 C.F.R. §404.1527(d)(2). "[I]f the [ALJ] rejects the opinion completely, he must . . . give specific, legitimate reasons

for doing so." *Watkins*, 350 F.3d at 1301. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).

Not all opinions of a treating physician qualify as "medical opinions," which are defined as "judgments about the nature and severity of [a claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. §404.1527(a) (2). Statements that a claimant is "disabled" or as to what a claimant's RFC is are not "medical opinions," but instead constitute opinions on issues reserved to the Commissioner. Social Security Ruling 96-5p, 1996 WL 374183, at *2 (July 2, 1996); 20 C.F.R. § 404.1527(e)(1)-(2); *see also Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (noting that an opinion by a physician that a claimant is totally disabled is not dispositive because the final responsibility for determining the ultimate issue of disability is reserved to the Commissioner). As such, they are not entitled to controlling weight or any special significance. Social Security Ruling 96-5p, 1996 WL 374183, at *2. Nevertheless, the ALJ must "evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner." *Id.* at *3. The ALJ must still assess "the extent to which the opinion is supported by the record" and, in doing so, must apply the applicable factors in 20

C.F.R. §404.1527(d). *Id.*

The Social Security Administration's regulations give examples of issues reserved for the Commissioner's determination, including: whether an individual's impairment(s) meets or is equivalent in severity to the requirements of any impairment(s) in the Listing; what an individual's RFC is; whether an individual's RFC prevents him or her from doing PRW; how the vocational factors of age, education, and work experience apply; and whether an individual is 'disabled' under the Social Security Act. Social Security Ruling 96-5p, 1996 WL 374183, at *1. In contrast, a medical opinion is a "judgment[] about the nature and severity of [a claimant's] impairment(s), including. . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

When "the ALJ offer[s] no explanation or the weight, if any, he gave to the opinion of ... the treating physician[,][w]e must remand because we cannot properly review the ALJ's decision without these necessary findings." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *accord, Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir.2001) ("[W]hen, as here, an ALJ does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the ALJ's determination."); *see Clifton*, 79 F.3d at 1009 ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that

conclusion."). "Although we review the ALJ's decision for substantial evidence, we are not in a position to draw factual conclusions on behalf of the ALJ." *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001).

In his decision, the ALJ discussed the medical record in two places. First, under the heading "Medical Evidence," the ALJ gives the following one paragraph summary:

> In July 2007, the claimant sustained injury to her lower back and experienced an onset of back and leg pain. Subsequently, she continued worked to work within work restrictions of no lifting or carrying greater than 10 pounds. In April 2008, the claimant reported that her back and leg pain had worsen to the point she was no longer able to stand and was receiving no relief from conservative treatments. A MRI scan of the claimant's lumbar spinal region confirmed central disc bulge with slight collapse of the L3-4 disc space and a short discography produced concordant pain at L3-4. The claimant's neurosurgeon recommended an anterior fusion at L3-4. In May 2008, the fusion procedure was completed. Postoperative, the claimant continued to experience back pain, and in January 2010 [sic], a CT scan of her lumbar spine revealed evidence of failure of complete fusion. In February 2009, the claimant underwent a second fusion procedure at L3-4. In April 2010, the claimant underwent removal of fusion hardware secondary to complaints of some back pain located directly over the hardware.

Tr. 19 (citations omitted).

The next discussion of the medical record is in the context of the ALJ's credibility analysis. The ALJ recites a few of the findings of Plaintiff's treating physicians; however, he does not indicate whether he is giving their opinions controlling weight and, if not, what weight is assigned. Tr. 21. Because the decision does not weigh the evidence as required by the applicable legal standards, the matter must be remanded for further

10

proceedings.

### B. Other Considerations on Remand

Although the ALJ's failure to conduct a proper treating physician analysis is dispositive of this appeal, the undersigned makes the following observations for the guidance of the Commissioner on remand.

As one of her claims of error, Plaintiff faulted the ALJ for according "great weight" to the opinion of the State agency medical consultants. While it is true that ALJs are not bound by any findings made by State agency medical consultants, such consultants are highly qualified physicians who are also experts in Social Security disability evaluation. Moreover, if the opinion of a claimant's treating physician is not given controlling weight, an ALJ must explain in the decision the weight given to the opinions of medical consultants:

> When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, the administrative law judge will evaluate the findings using the relevant factors in paragraphs (a) through (d) of this section, such as the consultant's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions. *Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant* or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

11

20 CFR § 404.1527(e)(2)(ii) (emphasis added). In any subsequent decision, the ALJ should be mindful of this obligation.

Plaintiff also contends that the ALJ failed to include any discussion or analysis in support of his one-sentence finding that none of Plaintiff's severe impairments met or medically equaled a listing under the Listing of Impairments, 20 C.F.R. Part 404, Subpart P Appendix 1. Plaintiff's Brief in Chief, 5. Plaintiff argues that the ALJ never mentioned the listing(s) he considered, and failed to discuss the reasons in support of his finding that she failed to meet or equal any listing. *Id.* In support, she cites *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

The Commissioner argues that the ALJ's findings at other steps of the sequential evaluation process provide a proper basis for his step three finding. In other words, the Commissioner concedes the error but argues that it is harmless. However, it is obviously preferable for the ALJ to state the reasons for his findings at each point of the sequential analysis. Such is particularly important in a case such as this, where it is arguable that the medical record supports at least a closed period of disability under the applicable listing. *See* Plaintiff's Brief in Chief, 8.

Finally, under Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), the ALJ's credibility analysis must contain "specific reasons," and not a mere recitation of the applicable factors. Although credibility determinations are peculiarly within the province of the finder of fact, and should not be upset when supported by substantial evidence, *Diaz v. Secretary of Health and Human Services*, 898 F.2d 774, 777 (10th Cir.

1990), an ALJ's findings with respect to a claimant's credibility "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995)). Although a "formalistic factor-by-factor recitation of the evidence" is not required, *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), an ALJ's failure to discuss factors that have an obvious bearing on a claimant's credibility can require remand. *See Kepler v. Chater*, 68 F.3d 387, 391-392 (10th Cir. 1995).

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **September 20, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this the 31st day of August, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE